# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cr-10037-001 |
| ) | |
| WILLIE JAMES WILLIAMS, JR. ) | JUDGE Joe Billy McDade |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM
## ON BEHALF OF WILLIE JAMES WILLIAMS, JR.

Through counsel, WILLIE JAMES WILLIAMS, JR. files the following Sentencing Memorandum setting forth factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

   I.   **Procedural Background**

On March 21, 2007, a one-count Indictment was returned in the U.S. District Court at Peoria, Illinois, charging DEFENDANT with having knowingly possessed more than 50 grams of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A). On April 4, 2007, DEFENDANT, appeared before the Honorable JUDGE Joe Billy McDade and entered a guilty plea without the benefit of a written plea agreement.

##     II.     Defendant's Background And Participation In The Offense

WILLIE JAMES WILLIAMS, JR. is a 38 year old man born in El Dorado, Arkansas. MR. WILLIAMS is one of five children born of his parents, Willie James Williams, Sr. and Flora Johnson.  While Mr. Williams describes his relationship with his father as "decent," it should be noted that he also reports that he only has contact with him once or twice a year.  Also, while Mr. Williams reports having a good relationship with his mother it should also be noted that she recently served just less than 10 years in federal prison and successfully completed her supervision on January 2, 2007.

Mr. Williams has three children ranging in age from 12 to 20.  Three of his children reside in Chicago with their mothers and one son resides in Peoria with his mother.  Until his recent incarceration Mr. Williams resided with his son and his son's mother in Peoria.  Prior to his incarceration Mr. Williams enjoyed frequent contact with all of his children.

The instant case involves the attempted delivery of approximately 125 grams of cocaine base in February of 2007.

## III.     Objection To Presentence Report -- No Criminal History Guideline Points Should be Assessed Relative to Defendant's Previous Convictions For Driving While License Suspended/Revoke

The presentence report has enhanced Mr. Williams sentencing guidelines by 16 points for offenses related to driving on a suspended/revoke license.  Twelve (12) of these points were assessed pursuant to U.S.S.G. § 4A1.1(b) based upon Mr. Williams

receiving sentences of 60 days or more in the county jail. One (1) points was assessed pursuant to U.S.S.G. § 4A1.1(c) presumptively based upon Mr. Williams being sentenced to 12 months of conditional discharge (see U.S.S.G. § 4A1.2(c)(1)). Two (2) additional points were assessed pursuant to U.S.S.G. § 4A1.1(d) based upon Mr. Williams committing the instant offense while on conditional discharge for the offense of Driving While License Revoked in Peoria County case number 05 TR 33319. One (1) additional point was assessed pursuant to U.S.S.G. § 4A1.1(e) based upon Mr. Williams having committed the instant offense less than two years after release from custody for four Peoria County Driving While License Revoked cases. Consequently 16 out of 17 criminal history points assessed against the Defendant were related directly or indirectly to charges of Driving While License Revoked.

    It is Mr. Williams' position that it was error for any criminal history points to be assessed against him for the offense of Driving While License Revoked. Pursuant to U.S.S.G. § 4A1.2(c)(1) sentences for this offense are only to be counted if the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days, or if this offense is similar to the instant offense. The offense of Driving While License Revoked is a status offense. Should this Court discount any criminal history points assessed against Mr. Williams which relate to the charge of Driving While License Revoked Mr. Williams would be left with one (1) criminal history point based upon his conviction in Peoria County case number 00-CM-141 for the offense of Resisting/Obstructing a Police Officer. Mr. Williams' position is that the two criminal history points in paragraph 36 of the PSR and the one criminal history point in paragraph

37 should not be assessed as they also relate to the offense of Driving While License Revoke.

Therefore, presuming that Mr. Williams has complied with all other requirements for consideration by the time of sentencing, he would be eligible to receive consideration for sentencing beneath the mandatory minimum pursuant to the "safety valve" provision contained in Title 18 § 3553 (f).

### IV.  DEFENDANT'S CRIMINAL HISTORY IS SIGNIFICANTLY OVERREPRESENTED

In the alternative, should the Court believes that Mr. Williams is not entitled to "safety valve" consideration or that such consideration is not warranted,  Defendant requests that he be granted a downward departure pursuant to U.S.S.G. § 5K2.0.  As referenced in the preceding section, 16 of Mr. Williams' 17 criminal history points are directly or indirectly related to state court sentences for Driving While License Revoked. This results in a criminal history category of VI .  Clearly, Mr. Williams' criminal history, which includes as the most serious offense a sentence for Resisting/Obstructing a Police Officer, does not warrant him being classified in the highest Criminal History Category.

But for the exceedingly harsh sentences Mr. Williams received for his driving charges in state court, none of those sentences would have generated any guideline points.  For example, upon Mr. Williams' first conviction for Driving While License Suspended (Peoria County case number 96-TR-34740) he received a sentence of 60 days

in jail and 12-months of conditional discharge. It was not until Mr. Williams' seventh and final conviction on this charge that he obtained a sentence of less than 60 days in jail. Of course, based upon the imposition of a sentence which included 12 months of conditional discharge, Mr. Williams was still assessed one (1) criminal history point.

Mr. Williams submits that it would be appropriate in this case for the Court to grant Mr. Williams relief in the form of a downward departure by discounting six (6) of the seven (7) convictions for Driving While License Revoked. This would result in defendant accumulating four (4) Criminal History Points comprised of the following: One (1) point for Resisting/Obstructing a Police Officer; One (1) point for Driving While License Revoked in Peoria County case number 05-TR-33319; Two (2) points pursuant to U.S.S.G. § 4A1.1(d) based upon the Defendant committing the instant offense while on conditional discharge; and, One (1) point pursuant to U.S.S.G. § 4A1.1(e) based upon the Defendant committing the instant offense less than two years after release from custody in Peoria County cases.

If this Court agrees that the aforesaid calculations more accurately reflect the actual seriousness of Mr. Williams' criminal history, Mr. Williams would be assessed four (4) criminal history points resulting in Criminal History Category of III. Such a departure would result in a guideline range (108-135) that essentially straddles the statutory mandatory minimum sentence of ten years.

## V. THE 100:1 POWDER/CRACK WEIGHT RATIO IMPERMISSIBLY INTERFERES WITH THE MANDATE OF §

## 3553(A) TO IMPOSE A SENTENCE THAT IS "SUFFICIENT BUT NOT GREATER THAN NECESSARY,"

This Court is well aware of the numerous arguments which have been routinely made, at least since the mid-1990s, against the patent inequities which result from the imposition of the 100:1 ratio. The Seventh Circuit has emphasized that, once a correct guideline sentence has been calculated, the district court must fashion an individual sentence for the defendant before it by evaluating all the facts and circumstances of the case in light of the criteria set forth by Congress in 18 U.S.C. § 3553(a). *U.S. v. Jointer* 457 F.3d 682, 687 (C.A.7 (Ind.),2006). The Court held that "a sentence below the Guidelines range in a crack cocaine case" may be permissible "so long as it reflects the individualized, case-specific factors in § 3553(a)"). *United States v. Williams* 456 F.3d 1353, 2006 WL 2039993, at 11 (11th Cir. 2006).

The *Jointer* Court went out of its way to stress that at the later stage of a sentencing proceedings, the Sentencing Commission's detailed reports on crack and cocaine sentencing may have "practical utility" to a district court's evaluation of the facts and circumstances of the individual case in light of the § 3553(a) factors. *Jointer,* 457 F.3d 682 at 687 *citing United States v. Eura,* 440 F.3d at 634, 635-36 (4th Cir. 2006). Accordingly, the facts in this case make it appropriate for the Court to "factor in" the 100:1 ratio as it applies the § 3553 factors.

There is no evidence in this case to indicate that Mr. Williams was anything other than a street-level dealer. At 38 years of age Mr. Williams has no previous felony or drug convictions. Either Mr. Williams has been extremely careful and/or lucky, or his foray into the commerce of illegal drugs is a fairly recent undertaking.

Presumably, throughout the approximately 20 year balance of his adulthood, Mr. Williams has been able to support himself without having to resort to the dealing of drugs. Accordingly, it would be reasonable to expect that Mr. Williams is not yet entrenched in the "drug dealer" lifestyle. In a sense this apparently quick interruption of Mr. Williams' new venture should be beneficial for him in the long-term. He will be forced to face the consequences of his actions swiftly in relation to whatever amount of "positive" experiences he derived from his illegal actions. Consequently, it should take a relatively smaller quantity of punishment to "break" Mr. Williams of his relatively new bad habits.

Accordingly, Defendant respectfully invites this Court to determine the appropriateness of applying the 100:1 powder/crack ratio to this individual under these circumstances.

## VI. Post-Offense Conduct and Prospects

The letters from Mr. Williams' family and friends paint a picture of a generous man who took seriously his responsibility to his family and friends. Several of the letters cite Mr. Williams as having served as a mentor or role model to teens and other young people. The court may rest assured that Mr. Williams is appropriately regretful and humiliated by his actions. He has voiced several times during his detention his intention to regain from his friends and family the trust and respect that he has now squandered.

Mr. Williams has expressed his desire to use the experiences of this case and his impending commitment to the Bureau of Prisons to warn and educate young people

about drugs.

### VII. **Appropriate Disposition**

The man before this court has accepted responsibility for his actions. This fact is evidenced by Mr. Williams entering his plea of guilty to the indictment at his earliest opportunity. Defense counsel respectfully asks the Court to find that Mr. Williams' criminal history has been significantly overrepresented and that a downward departure is merited pursuant to U.S.S.G. § 5K(2).0. Should the court so find, the total offense level would be 29 with a criminal history category of III. The applicable guideline range would be 108 to 135 months. Therefore, based on factors relating to this individual defendant and this particular case, the statutory minimum sentence of 120 months is appropriate and is prayed for.

Of course, should this Court find merit in Mr. Williams' position that he is eligible for safety valve consideration pursuant to Title 18 § 3553 (f), Mr. Williams asks this Court to sentence him at 70% of the mandatory minimum which equates to 84 months.

Respectfully submitted,

_/S/__LUKE P. TAYLOR_____
LUKE P. TAYLOR, Attorney for Defendant

### **PROOF OF SERVICE**

I hereby certify on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Bradley

Murphy, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

By: _/S/__LUKE P. TAYLOR_____
    LUKE P. TAYLOR, His Attorney

LUKE P. TAYLOR
Attorney at Law
8 South Fourth Street
Pekin, IL 61554
(309)346-1002
FAX(309)346-0051
ltlawoffice@omnilec.com